NOT DESIGNATED FOR PUBLICATION

No. 114,233

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF HUTCHINSON,
*Appellee*,

v.

TYSON SPEARS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed March 2, 2018. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Michael C. Robinson*, municipal court prosecutor, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

PER CURIAM: Tyson James Spears appeals his conviction for driving under the influence of alcohol. At issue is whether his breath test results were admissible under the good-faith exception to the exclusionary rule after *State v. Nece*, 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*). We hold that they were.

On May 12, 2014, Hutchinson police officers intervened in a domestic dispute involving Spears and a woman who wanted Spears to move his vehicle, which was blocking her driveway. Spears complied and moved his car onto the street. The police thought that Spears might be intoxicated and investigated further. This included checking Spears' license, and that is when they discovered Spears' license had been suspended. Due

1

to the police's belief that Spears was intoxicated and his license suspended, the police told Spears not to drive his automobile.

Spears did not listen. The police were told that Spears drove his car away from the location of the domestic dispute. They stopped Spears and began a DUI investigation. After the police determined there was probable cause to believe that Spears was intoxicated, they arrested him for driving under the influence of alcohol. He was provided with the oral and written notices required by the Kansas implied-consent law and agreed to submit to a breath test. Under the implied-consent law, an individual's consent to the testing of his or her blood, breath, urine, or other bodily substances for alcohol content is implied under certain circumstances if the individual operates or attempts to operate a vehicle in Kansas. See K.S.A. 2016 Supp. 8-1001. In turn, K.S.A. 2016 Supp. 8-1025 made it a crime for an individual to withdraw that implied consent by refusing the test.

The breath test result was higher than the legal limit. Spears was charged with driving under the influence of alcohol, driving on a suspended license, and illegal transportation of an alcoholic beverage. In Hutchison Municipal Court, Spears pled no contest to the charges and was found guilty. Spears appealed to the Reno County District Court. Before the district court, he filed a motion to suppress the breath test result, contending that his consent was coerced and involuntary and the breath test was an unreasonable search in violation of the Fourth Amendment to the United States Constitution. Spears waived his right to a jury trial and agreed to a trial on stipulated facts.

The district court denied the motion to suppress and found Spears guilty of driving under the influence and driving on a suspended license. The district court sentenced Spears to a jail term, a fine, and placed him on probation. He appealed to this court.

While this appeal was pending, the Kansas Supreme Court struck down portions of the Kansas implied-consent law. The court held that K.S.A. 2014 Supp. 8-1025 was facially unconstitutional because by punishing an individual for withdrawing his or her consent to search, it violated the fundamental right to be free from an unreasonable search and was not narrowly tailored to serve the State's interests. *State v. Ryce*, 303 Kan. 899, Syl. ¶¶ 9, 12, 368 P.3d 342 (2016) (*Ryce I*), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*). On the same day, our Supreme Court affirmed the suppression of a defendant's breath-alcohol test result in a case similar to this one. The court determined that the test resulted from involuntary consent because under the Kansas implied-consent law, the defendant was informed that she might be charged with a separate crime for refusing to submit to a breath-alcohol test and, in light of *Ryce I*, the State could not have constitutionally imposed criminal penalties if the defendant refused the testing. Therefore, the defendant's consent was obtained by means of an inaccurate and coercive advisement. *State v. Nece*, 303 Kan. 888, 889, 897, 367 P.3d 1260 (2016) (*Nece I*), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*).

Shortly thereafter, the United States Supreme Court went further, holding in a similar case that drivers cannot be deemed to have consented to a blood-alcohol content test on the threat of a charge of a criminal offense for refusal. But the Court held that warrantless *breath* tests are permitted under another exception to the warrant requirement—as a search incident to arrest. *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 2185-86, 195 L. Ed. 2d 560 (2016).

After *Birchfield*, the Kansas Supreme Court reheard and reaffirmed *Ryce I* and *Nece I*. The court modified its *Ryce I* decision "to reflect the validity of conducting a *breath* test in a DUI case where an arrest is made under the warrant exception of a search incident to lawful arrest," but the court reaffirmed its original holding that K.S.A. 2016 Supp. 8-1025 was unconstitutional based on its interpretation of the Kansas statute. *Ryce II*, 306 Kan. at 693, 698-99. In *Nece II*, the court reaffirmed that Nece's consent to the

warrantless breath test was involuntary. But the court did not further analyze whether the search was lawful under the search-incident-to-arrest exception to the warrant requirement. 306 Kan. at 680-81.

We ordered the parties to submit supplemental briefs addressing *Nece I* and *Nece II* and whether any exceptions to the warrant requirement of the Fourth Amendment should be applied.

The State argues that the exclusionary rule should not be applied because the officer acted in good-faith reliance on the Kansas statute when advising Spears that he might be charged with a separate crime for refusing the breath test. Spears argues that the State cannot raise the good-faith exception for the first time on appeal and that the good-faith exception does not apply under the circumstances.

Ordinarily, unconstitutionally obtained evidence should be excluded from the criminal trial of the victim of the illegal search. *Mapp v. Ohio*, 367 U.S. 643, 654-55, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961). But our Supreme Court has recognized a good-faith exception to the exclusionary rule when an officer acted in objectively reasonable reliance on a statute that is later determined to be unconstitutional. In such cases, suppression does not serve the purpose of the exclusionary rule, which is to deter police misconduct. The good-faith exception is dependent on whether a statute can support an officer's objective reasonable reliance on it—not on the officer's subjective beliefs. An officer's reliance on a statute is not objectively reasonable if: "(a) in its enactment, the legislature wholly abandoned its responsibility to pass constitutional laws; or (b) the statutory provisions are such that a reasonable law enforcement officer should have known the statute was unconstitutional." *State v. Daniel*, 291 Kan. 490, Syl. ¶ 8, 500, 242 P.3d 1186 (2010) (citing *Illinois v. Krull*, 480 U.S. 340, 355, 107 S. Ct. 1160, 94 L. Ed. 2d 364 [1987]).

4

Following our reasoning in *State v. Perkins*, 55 Kan. App. 2d ___, Syl. ¶ 6 (No. 112,449, this day decided), we will consider the applicability of the good-faith exception for the first time on appeal because it is a question of law based on stipulated facts and is determinative of the case. *State v. Schmidt*, 53 Kan. App. 2d 225, 233, 385 P.3d 936 (2016), *rev. denied* 306 Kan. 1329 (2017).

Here, there is no indication that the officer should have known that K.S.A. 2013 Supp. 8-1025 was unconstitutional or that the implied consent advisory was coercive. At the time of the arrest, the officer was required by law to advise Spears that failure to submit to a breath test could constitute a separate crime. Suppression of the breath test result would not serve the purpose of the exclusionary rule—to deter police misconduct. Prior to *Ryce I* and *Nece I*, our courts had consistently upheld the validity of consent obtained after giving the implied consent advisory. See, e.g., *State v. Johnson*, 297 Kan. 210, 222-23, 301 P.3d 287 (2013). Our Supreme Court did not invalidate the implied consent advisory until after the officer read it to Spears. Nor is there any indication that the Legislature wholly abandoned its duty to enact constitutional laws in passing the statutes. Other states had similar statutes and continued to uphold them until the *Birchfield* decision. See *Schmidt*, 53 Kan. App. 2d at 235-37.

Spears argues that in order for the good-faith exception to apply, the State must show the officer was in good faith relying on a statute for the admissibility of evidence or as authority for the search. But, he argues, the statute that was ruled unconstitutional does not provide for the admissibility of the evidence or authorize the officer to conduct the breath test. Rather, admissibility was premised on consent.

The distinction Spears makes is unconvincing. Based on the stipulated facts, it was the officer informing Spears that he may be charged with a separate crime of refusal that rendered the consent involuntary. He does not argue the consent was otherwise involuntary. But the officer was required by statute to give the advisory. In determining

5

whether suppression is the appropriate remedy, the question is whether suppression would serve the purpose of the exclusionary rule, which is to deter police misconduct. The exclusionary rule is only applied when deterrence can be achieved. See *Daniel*, 291 Kan. at 496. Thus, applying the good-faith exception in this context "is simply a way of saying that excluding evidence obtained as a result of the implied consent advisories would not deter future violations of the Fourth Amendment." *State v. McClellan*, No. 115,164, 2017 WL 839720, at *14 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 31, 2017.

The district court was correct to deny Spears' motion to suppress, even though it was for the wrong reason. If a district court reaches the correct result, its decision may be upheld even though it relied upon the wrong ground. *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015). The breath test result was admissible under the good-faith exception to the exclusionary rule.

Spears' conviction is affirmed.